```
                  UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF LOUISIANA
```

BENJAMIN EDWARDS                              CIVIL ACTION

V.                                            NO. 06-9881

SOUTHWEST BUSINESS CORPORATION                SECTION "F"


ORDER AND REASONS

Before the Court are Southwest Business Corporation's Motion for Summary Judgment and Motion to Dismiss Pursuant to Federal Rules of Civil Procedure Rule 16(f).  For the reasons that follow, the Motion for Summary Judgment is GRANTED.

**Background**

The plaintiff, Benjamin Edwards, sues for payment of insurance proceeds for several properties in New Orleans he claims were damaged during Hurricane Katrina[1].  The properties in question are owned by Third Shiloh Housing, Inc., a nonprofit corporation.  Mr. Edwards is the President.  Alpha Invesco Corporation is the mortgagee for all of the properties involved.  Alpha took out an insurance policy with Southwest Business Corporation, which was in effect when Hurricane Katrina hit New Orleans.  Neither Edwards nor

---

[1] The property addresses are: 2809-11 Piety Street, 2813-15 Piety Street (title) 2815-17 Piety Street (actual), 2833-35 Piety Street, and 2839-41 Piety Street.

1

Third Shiloh procured their own insurance on the properties, nor are they listed as either an insured or an additional insured on Alpha's insurance policy.  In June 2007, Southwest released settlement checks to Alpha as payment on claims from damage due to Katrina.  But Edwards claims that he is entitled to proceeds from the Alpha/Southwest insurance policy for damage to the properties.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett,

477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

Summary judgment is appropriate in this case because no genuine issue of fact exists. There is no dispute that the plaintiff was not a party to the insurance policy, is not an insured or an additional insured.[2] The only question is whether, as a matter of law, the plaintiff is nevertheless entitled to anything under the insurance policy.

In Louisiana, an action to enforce a contract obligation

---

[2] The defendant also alleges that Edwards does not have standing to bring this suit because he does not own the properties at issue. It is undisputed that Third Shiloh, of which Edwards is President, is the owner of the properties. Edwards argues that he is the proper plaintiff, or alternatively, that he should be granted leave to substitute Third Shiloh. The Court need not resolve this issue, as summary judgment is appropriate regardless of whether Edwards or Third Shiloh is the named plaintiff.

cannot be brought by an individual who is not a party to that contract. See, e.g., Randall v. Lloyd's Underwriters, 602 So. 2d 790, 791 (La. Ct. App. 1992). Here, it is undisputed that neither Mr. Edwards nor Third Shiloh are parties to the insurance contract between Alpha and Southwest. Therefore, the only way that plaintiff could have a cause of action in contract against the defendant is if the plaintiff were a third party beneficiary of the insurance contract. Martin v. Safeco Ins. Co., 2007 WL 2071662, at *2 (E.D. La. July 13, 2007).

The Louisiana Civil Code provides: "A contracting party may stipulate a benefit for a third person called a third party beneficiary." Such a third party benefit contract is commonly referred to as a stipulation *pour autrui* in Louisiana. Joseph v. Hosp. Serv. Dist. No. 2, 05-2364, p. 7 (La. 10/15/06), 939 So. 2d 1206, 1211. In interpreting this provision, the Louisiana Supreme Court has articulated three criteria for determining whether contracting parties have provided a benefit for a third party: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." Id. at pp. 8-9, 939 So. 2d at 1212. Further, such a third party benefit contract is "never presumed. The party claiming the benefit bears the burden of proof." Id. at p. 9, 939 So. 2d at 1212; see La. Civ. Code art. 1831 ("A party who demands

performance of an obligation must prove the existence of the obligation.").

A. Clear Manifestation of Intent to Benefit Third Party

The Louisiana Supreme Court commented that the first criterion, a clear intention on the part of the contracting parties to benefit the third party, is "[t]he most basic requirement . . . . [A]bsent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof." Joseph, 05-2364, p. 9, 939 So. 2d at 1212.

Here, there is no clear manifestation, indeed, no manifestation at all, that the contracting parties, Alpha and Southwest, intended to benefit the plaintiff. Nowhere in the contract is there any written reference to the borrower or the owner of the property. Several Louisiana federal courts have found that similar insurance policies, which fail to mention the borrower in the written agreements, do not create a stipulations *pour autrui*. See e.g., Harrison v. Safeco Ins. Co. Of Am., 2007 WL 1244268, at *5 (E.D. La. Jan. 26, 2007) ("Here, there is no clear manifestation in either policy that confers a benefit upon Plaintiffs. The policies at issue in this case were intended to benefit [the lenders] and particularly [the lenders'] interests in Plaintiffs' properties. Finally, Louisiana federal courts have determined that the 'proper means' to include a stipulation *pour autrui* in an insurance contract is to 'name the third party as an

additional insured.'"); Riley v. Southwest Bus. Corp., 2007 WL 2460986, at *4 (holding that because the insurance policies in that case were "forced place policies intended to benefit the mortgage company" and the plaintiff was not named as an insured or an additional insured in the insurance contract, the plaintiff was "not entitled to the classification as a third-party beneficiary under [the] policy.").

Rather than presenting evidence that he is a third party beneficiary to the insurance contract, the plaintiff incorrectly places the burden on the defendant, arguing that the defendant fails to present any evidence that the insurance was *not* taken for the benefit of the plaintiff.  It is the plaintiff, the party claiming the benefit, that bears the burden of proof; the plaintiff has failed to make that showing.  Plaintiff's argument borders frivolity.

The plaintiff relies on Martin v. Safeco Ins. Co., which held that a borrower could be a third party beneficiary to an insurance policy taken out by the lender.  2007 WL 2071662 (E.D. La. July 13, 2007).  But the facts of Martin are clearly distinguishable.  The court in Martin quoted language from the insurance policy that specifically referred to obligations of the borrower and insurance payments that would be paid to the borrower.[3]  Id. at *2; see also

---

[3] The court quoted the following language from the insurance policy: "We [the Insurance Company] will provide the insurance described in this policy in return for the premium and compliance by you [the lender] and the **borrower** with all applicable provisions in this policy."  Further, the court quoted: "We will adjust all losses with you.  We will pay you but in no event more that [sic]

Navarrete v. Gen. Ins. Co. of Amer., 2008 WL 659477, at *2 (E.D. La. March 7, 2008)(quoting language from the insurance policy that makes specific references to insurance proceeds payments to the borrower). No such language is present in the insurance policy in this case.

    B. Certainty of the Benefit

The next criterion is a corollary to the first, requiring that there be certainty as to the benefit provided to the third party. Joseph, 05-2364, p. 9, 939 So. 2d at 1212. In this case, there is nothing close to certainty as to the benefits the plaintiff is claiming from the insurance contract. Because there is no reference to the plaintiff in the contract, the Court will not divine what the benefits would be if such a stipulation *pour autrui* existed.

    C. Benefit Incidental to the Contract

The final requirement of Joseph is that the benefit the third party claims is not merely incidental to the contract between the promisor and promisee, in this case, Alpha and Southwest. The court in Joseph noted that "[a] person may derive a benefit from a contract to which he is not a party without being a third party beneficiary." Joseph, 05-2364, p. 12, 939 So. 2d at 1214. Here, any benefit the plaintiff may receive is merely fortuitous and incidental. The purpose of the insurance policy was to protect

---

the amount of your interest in the insured location. Amounts payable in excess of your interest will be paid to the **borrower**."

Alpha, the holder of the mortgage, from losses. Neither Mr. Edwards nor Third Shiloh is referred to anywhere in the insurance policy; there is no indication that any benefit for the plaintiff was contemplated in the creation of this contract.

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED.[3]

New Orleans, Louisiana, September 22, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] The Court need not reach the Rule 16(f) issues.